## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.  1:CR-00-105 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| RONNIE PEPPERS | ) (Electronically Filed) |

**RESPONSE TO MOTION UNDER 28 USC § 2855 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**AND NOW,** comes the government through Christy H. Fawcett, Assistant U.S. Attorney, and files the within Response to Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence:

### PROCEDURAL HISTORY

1.  On March 29, 2000, the Grand Jury returned an indictment charging Ronnie Peppers ("defendant") with violations of 18 USC §§ 924(j), 924(c)(1)(A), and 924(o) and 21 USC §§ 841(a)(1) and 846. (Dkt. Entry 1.)

2.  On September 7, 2000, a Superseding Indictment was returned which recharged the same offenses and also charged the defendant with additional offenses under 18 USC §§ 922(g)(1) and 924(e)(1). (Dkt. Entry 30.)

3. On October 25, 2000, a Second Superseding Indictment was returned, identical to the superseding indictment except for minor changes in the charging language.  (Dkt. Entry 52.)

4.  A jury trial was conducted between November 20 and November 28, 2000.  At the conclusion of the trial, the jury returned a verdict finding the defendant guilty of all charges.

(Dkt. Entry 99.)

5.   On May 11, 2001, the Court sentenced the defendant to an aggregate term of life imprisonment plus five years.  (Dkt. Entry 119.)

6.   On May 16, 2001, the defendant filed an appeal with the Third Circuit Court of Appeals.  (Dkt. Entry 119.)

7.   On August 21, 2002, the Third Circuit filed an opinion and order granting the defendant a new trial.  (Dkt. Entry 145.)

8.   On October 22, 2002, the defendant filed a petition for writ of *certiorari* with the United States Supreme Court.  This was denied on February 6, 2003, and the case was remanded to the district court.

9.   On remand, Daniel Siegel, Esquire ("plea counsel") was appointed to represent the defendant.  On March 12, 2003, the defendant filed pre-trial motions including a motion to suppress evidence relevant to Count VII of the Second Superseding Indictment, which count charged the defendant with being an armed career criminal in violation of 18 USC §§ 922(g)(1) and 924 (e). The motion alleged that the stop of the defendant's vehicle and the resulting search violated the Fourth Amendment.  The defendant also filed a motion to dismiss Count VII.  This motion was premised on the defendant's assertion that he had agreed to cooperate with U.S. Marshal Mike Regan in return for which the defendant would not be prosecuted for a federal offense stemming from the seizure of a

2

firearm from the defendant's car.

10.  Following an evidentiary hearing on April 3, 2003, the district court, on May 1, 2003, issued an order denying the motion to suppress and the motion to dismiss count VII.  A memorandum opinion was filed on May 9, 2003.  (Dkt. Entries 219, 230.)

11.  On May 9, 2003, the defendant negotiated a plea agreement with the government pursuant to which the defendant agreed to waive indictment and plead guilty to an information charging him with possession of a .22 caliber revolver as an armed career criminal. The plea agreement was binding and provided that the applicable 15-year mandatory minimum would be imposed, and that the defendant could withdraw his guilty plea if he received a greater sentence. The plea agreement was not a conditional plea. (Dkt. Entry 232.)

12.  On that same date, the defendant pleaded guilty to the felony information.  During the guilty plea colloquy, the Court explained to the defendant that he could not appeal the Court's decision on his motion to suppress, and plea counsel confirmed that the plea was an unconditional plea.  (Hearing of 5/9/2003, 5-6.)

13.  On August 13, 2003, the Court sentenced the defendant to 180 months' imprisonment, a $1,200 fine, five years of supervised release, and a special assessment of $100.  (Dkt. Entry 249.)

14.  The defendant filed a Notice of Appeal with the Third Circuit Court of Appeals on that same date.  (Dkt. Entry 250.) The defendant raised a single issue–whether the felon-in-possession

3

statute is unconstitutional under the commerce clause.

15.   On May 13, 2004, the Third Circuit affirmed the defendant's conviction and judgment of sentence.  (Dkt. Entry 256.)

16.   The defendant filed a Petition for Writ of Ceriorari with the Supreme Court and in a Notice dated October 4, 2004, the Supreme Court denied the Petition.  (Dkt. Entries 257, 258.)

17.   On October 4, 2005, the defendant filed a form document entitled "Motion to Vacate, Set Aside, or Correct Sentence." (Dkt. Entry 259.)

18.   On October 6, 2005, the Court filed an administrative order with notice of limitations on filing of motions under 28 USC § 2255, and on November 3, 2005, the defendant filed another Motion to Vacate under 28 U.S.C. § 2255. (Dkt. Entry 263.)

19.   On November 4, 2005, the Court filed an order deeming the defendant's initial motion withdrawn and directing the case to proceed on the petition filed November 3, 2005. (Dkt. Entry 265.)

20.   In his Section 2255 motion, the defendant claims he is entitled to relief on 15 grounds:

A) The firearm seized from his vehicle that forms the basis of the offense of conviction was the product of an unconstitutional search and seizure;

B) He is actually innocent because he had neither actual nor constructive possession of the firearm;

C) His sentence is illegal because it exceeds the statutory

4

maximum;

D) He was selectively prosecuted because there are similarly situated, non-African American individuals in the Middle District of Pennsylvania who have been charged with firearms offenses in state court but are not charged with federal firearms offenses;

E) His guilty plea was involuntary and unknowing because he was "le[]d to believe" that even though "another individual confessed to . . . placing a firearm in my vehicle without my consent or knowledge, that I am still legally responsible" and he "reluctantly ple[]d guilty "upon counsel's urging." (2255 Motion, 6(b).)

F) His indictment was brought in bad faith because Marshal Regan entered into an agreement with him providing he would cooperate in return for no prosecution;

G) His indictment violated the terms of his agreement with Marshal Regan;

H) His conviction violated double jeopardy because his agreement with the Marshal Regan "adjudicated" the prosecution of the firearms charge; and

I) Plea counsel was ineffective for:

i. failing to inform the defendant that the superseding information did not properly set forth the predicate convictions for an offense under 18 USC § 924(e);

ii. failing to challenge the applicability of 18 USC § 924(e)

to the defendant;

iii.  advising the defendant to plead guilty to a charge of which he was innocent;

iv.  advising the defendant that he must state during the plea colloquy that he knew there was a firearm in his car;

v.  failing to file a motion to dismiss the firearms charge on grounds of double jeopardy;

vi.  failing to file a motion to dismiss the firearms charge because someone else confessed to possessing the firearm; and

vii.  failing to call witnesses at pre-trial hearings who would testify to the extent of the defendant's cooperation.[1]

21.  As explained below, the Court should dismiss all of the defendant's claims without a hearing.  In the alternative, the Court should conduct a hearing whose scope is limited to the claims that plea counsel caused the defendant to enter an invalid guilty plea at which hearing the testimony of plea counsel may be presented.

## APPLICABLE LEGAL PRINCIPLES

A plea of guilty operates as a waiver of all non-jurisdictional defects and defenses. *United States v. Spinner,* 180 F.3d 514, 517 (3rd Cir. 1999).

---

[1]In the preceding paragraphs, the defendant's claims are summarized and set forth in the same order in which they are presented on pages 5-6 of his Motion.  In the Discussion section of this Response, below, the claims are addressed in this same order except that related claims are grouped into one response.

_____The defendant's claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland,* a defendant who brings an ineffectiveness claim must establish (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that such deficient performance prejudiced the defense.  Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  *Id.* at 694.

The defendant may not bring claims on collateral appeal that could have been raised, but were not raised, on direct appeal.  As explained by the district court in the Eastern District of Pennsylvania:

> A petitioner is barred from collaterally attacking his sentence pursuant to § 2255 so far as that attack is based on issues that could have been, but were not, raised on direct appeal.  To avoid the bar, defendant must prove both (1) "cause" excusing his failure to raise the issues earlier, and (2) "actual prejudice" resulting rom his failure to do so.  "Cause" must be objective-something external to the petitioner, something that cannot be fairly attributed to him.  The "actual prejudice" must be so substantial that the integrity of the entire trial is infected. Therefore, unless petitioner can show "cause" for his procedural default and "actual prejudice" from it, these issues are waived.

*United States v. Smith,* 235 F.Supp.2d 418, 426-27 (E.D.Pa. 2002)(internal citations omitted).

Finally, the doctrine of law of the case in implicated in some

7

of the defendant's claims.

> [T]he doctrine of the law of the case posits
> that when a court decides upon a rule of law,
> that decision should continue to govern the
> same issues in subsequent stages in the same
> case.   This rule of practice promotes the
> finality and efficiency of the judicial
> process by protecting against the agitation of
> settled issues.

*Christianson v. Colt Industries Operating Corp.,* 846 U.S. 800, 816

(1988)(internal citations and quotations omitted).

## DISCUSSION

### The Substantive Claims

#### *Claims Related to the Seizure of the Firearm and the Resulting Charge*

The defendant claims that the firearm that was the basis for

his offense of conviction was the product of an unconstitutional

search and seizure. In related claims, he also alleges that the

Second Superseding Indictment was brought in bad faith because it

violated the terms of his agreement with Marshal Regan and this

agreement "adjudicated" the issue of his possession of a firearm

thus causing his federal conviction to have been obtained in

violation of double jeopardy provisions.

A valid guilty plea waives all non-jurisdictional defects and

defenses. *United States v. Spinner,* 180 F.3d at 517.[2]   In stating

---

[2]If the Court were somehow to determine that the defendant's
guilty plea did not waive these claims, then they are waived
because they could have been presented on direct appeal and were
not and the defendant has alleged neither cause nor prejudice for

that he "reluctantly ple[]d guilty "upon counsel's urging" (2255 Motion, 6(b)), the defendant is apparently raising a claim that his plea was invalid because it was involuntary and thus not waived.

Even if the Court were to determine that this claim is not waived, the defendant cannot establish that he pleaded involuntarily. In order for a guilty plea to be valid, it must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Jones,* 336 F.3d 245, 253 (3rd Cir. 2003).

In the present case, the defendant was placed under oath at the commencement of the guilty plea proceeding and engaged in a lengthy colloquy with the Court. In response to questioning, the defendant stated that he understood that false answers could subject him to a perjury charge and that he was giving up his right against self-incrimination, he was intelligent and competent, he was satisfied with the representation of plea counsel, he waived his right to have the matter presented to a Grand Jury, he understood and waived his trial rights, he understood the terms of the plea agreement, no threats or promises had been made to him or his family, he understood the maximum penalty that could be imposed, he agreed with the government's statement of facts, and he specifically admitted to possessing the firearm in question.

---

this procedural default. *See United States v. Smith,* 235 F.Supp. 2d at 426-27.

(Hearing of 5/09/2003, 2-18.)    The Court then found that the defendant had knowingly, voluntarily and intelligently waived his rights and entered a plea of guilty.  (Hearing of 5/09/2003, 18-19.)

"[R]ational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] . . . be binding." *United States v. Scott,* 929 F.2d 313, 315 (7th Cir. 1991) (internal citations and quotations omitted).  Accordingly, the defendant's valid guilty plea operates as a waiver of his claims related to the seizure of the firearm and the resulting charge and they should be denied without a hearing.

There is still another reasons why the defendant's claims related to the seizure of the firearm and his resulting prosecution should be denied without a hearing: These issues were previously decided by the Court and thus are subject to the doctrine of the law of the case.  As described above, the defendant filed a pre-trial motion which alleged, in part, that evidence of the firearm should be suppressed because Harrisburg Police Officer Christine Belinda did not have reasonable, articulable suspicion to stop the car the defendant was driving.  The defendant also argued that Count VII should be dismissed because it violated a non-prosecution agreement that he entered into in exchange for providing information to Marshal Regan about the whereabouts of the defendant's brother.

During the hearing on pre-trial motions, the Court heard lengthy testimony from both Officer Belinda and Marshal Regan. In its memorandum opinion, the Court made specific factual determinations about the circumstances surrounding the car stop and seizure of the firearm. *See* Memorandum of 5/09/2003, 5-6.

Based on these factual findings, the Court made a legal determination that Officer Belinda "had a reasonable articulable suspicion that Defendant was driving a vehicle with an expired temporary tag, a violation of law. Accordingly, her decision to initiate a traffic stop did not violate Defendant's Fourth Amendment rights and will not serve to invalidate Defendant's subsequent consent to have the vehicle searched." (Memorandum of 5/09/2003, 21.)

The Court also specifically ruled on the defendant's claim that his conviction was improperly based on a charge that the government had agreed not to prosecute. In support of its decision denying the motion to dismiss Count VII, the Court found as fact that after the defendant's arrest on the state firearm charge, Marshal Regan sought his cooperation in locating the defendant's brother, who was wanted on an aggravated assault charge. The defendant agreed to cooperate if Marshal Regan obtained certain benefits for him, including dismissal of the state charge. To this end, Marshal Regan obtained a letter from the then-Dauphin County District Attorney stating that the state charge would be dismissed.

*See* Memorandum of 5/09/2003, 6-7. The Court specifically found that "Marshal Regan did not promise Defendant that the agreement would also immunize him from federal charges arising out of his arrest . . ." (Memorandum of 5/09/2003, 7.)

Relying on these factual findings, the Court made the legal determination that

> the federal prosecution does not violate the agreement that Marshal Regan obtained on behalf of Defendant. That agreement indicated that Defendant would not be prosecuted for state firearms charges that arose out of Defendant's arrest . . . The agreement did not mention anything that would preclude the Federal Government from bringing charges against Defendant. Additionally, there is no evidence that the United States Attorney's Office was aware of the agreement or authorized it. Accordingly, no due process violation occurred.

(Memorandum of 5/09/2003, 19-20.)

Accordingly, even if the Court determines that the issues related to the seizure of the firearm and the resulting federal charge are not waived, the law of the case doctrine applies. Under this doctrine, the Court should find that its previous rulings on these same issues govern the current proceedings.

### ***The Defendant's Assertion of Actual Innocence***

_____A valid guilty plea waives all non-jurisdictional defects and defenses. *United States v. Spinner,* 180 F.3d at 517.[3] *See also*

_____

[3]If the Court were somehow to determine that the defendant's guilty plea did not waive these claims, then they are waived because they could have been presented on direct appeal and were

*Dretke v. Haley,* 541 U.S. 386, 393 (2004) (holding that federal court considering claim of actual innocence by defendant who improperly received enhanced sentence under career criminal provision "must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default").

Even if the Court were to determine that this claim is not waived, the defendant cannot establish that he is actually innocent.  "To establish actual innocence a petitioner must demonstrate than, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *United States v. Davies,* 394 F.3d 182, 191 (3rd Cir. 2005).  "New reliable evidence is almost always required to establish actual innocence." *Sweeger v. Chesney,* 294 F.3d 506, 523 (3rd Cir. 2002).

In the context of a defendant's attempt to withdraw a guilty plea on the basis of actual innocence, federal courts have routinely held that "[m]ere assertions of innocence unfounded on 'specific evidence' do not constitute a fair and just reason to withdraw a guilty plea." *United States v. Cannistraro,* 734 F.Supp. 1110, 1121 (D.N.J. 1990).  Rather, "[t]o unsettle a valid guilty plea, a defendant's assertion of innocence must be credible." *United States v. Allen*, 668 F.Supp. 969, 975 (W.D. Pa. 1987).  In

---

not and the defendant has alleged neither cause nor prejudice for this procedural default.  *See United States v. Smith,* 235 F.Supp. 2d at 426-27.

order to make a credible assertion of innocence, "the defendant must offer more than a conclusory protestation that he is not guilty." *Id.*

In the present case, in determining whether the defendant admitted to possessing the firearm, the following exchange occurred between the defendant and the Court:

> The Court:   First of all, let me explain possession.  Possession doesn't mean that you actually have to have the matter physically in your hands.  There is what the law recognizes [as] constructive possession.  So if you could have control over it or exercise control over it, you are deemed to be in possession.
>
> As I understand it, this gun was found in a car which you were operating.  So under the law, you could be found to be in construction possession of the weapon.
>
> [Plea counsel]: Just for the record, Your Honor, I think as I explained it to Mr. Peppers before, and I should explain it for the record, possession of the firearm requires knowing possession of the firearm.  That is that you had access to the gun, that it was in your control, that you knew it was there, that it meets the definition of a firearm, and that it was transported into interstate commerce. Do you admit to this crime?  That is what the Court needs to know.
>
> The Defendant: Yeah.
>
>                  . . .
>
> The Court: You hesitated?
>
> The Defendant: I was waiting to hear him out completely.  I thought he was going to go on and on.
>
> The Court: Did you have possession of this

gun?

      The Defendant: Yes, I did.

(Hearing of 5/09/2003, 16-17.)

The defendant has offered no credible reasons why his voluntary responses, made under oath, that he possessed the firearm should not be binding on him. *See United States v. Scott,* 929 F.2d at 315.

Thus, the defendant's claim of actual innocence should be denied without a hearing.

### ***The Defendant's Claim that his Sentence was Illegal Because it Exceeded the Statutory Maximum***

The defendant's claim that his sentence exceeds the statutory maximum is apparently based on his assertion that his prior convictions for violent felonies were improperly calculated under 18 USC § 924(e) and therefore he was only subject to the 10-year maximum penalty for a felon in possession under 18 USC § 922(g)(1). Because this is, essentially, an allegation that he is "actually innocent" of being an armed career criminal, this claim is related to the claim discussed in the preceding section of this Response.

A valid guilty plea waives all non-jurisdictional defects and defenses. *United States v. Spinner,* 180 F.3d at 517.[4] *See also*

---

[4]If the Court were somehow to determine that the defendant's guilty plea did not waive these claims, then they are waived because they could have been presented on direct appeal and were not and the defendant has alleged neither cause nor prejudice for this procedural default. *See United States v. Smith,* 235 F.Supp. 2d at 426-27.

*Dretke v. Haley,* 541 U.S. 386, 393 (2004)(holding that federal court considering claim of actual innocence by defendant who improperly received enhanced sentence under career criminal provision "must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default").

Even if the Court were to determine that this claim is not waived, the defendant cannot establish that the armed career criminal sentencing provisions were improperly applied to him.

The Armed Career Criminal Act specifies that an enhanced penalty applies to a defendant who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from on another . . ." 18 U.S.C. § 924 (e)(1). *See also* USSG § 4B1.4, comment., n. 1.

In the present case, the information to which the defendant pleaded guilty specifically cited to both Section 922 (g)(1) and 924(e)(1). The information set forth six prior felony convictions. During the defendant's change of plea hearing, the following exchange occurred:

> [Plea Counsel]: We also agree to the applicability of the sentence enhancement under the Armed Career Criminal Act, in that the government has shown the existence of three prior convictions which meet the definitions under the Armed Career Criminal Act.
>
> So we have agreed to that, and I have explained that to Mr. Peppers. Is that

correct?

The Defendant: Yes. . .

. . .

[Plea Counsel]: The armed robbery and robbery definitely meet the requirements of the Armed Career Criminal Act. The burglary as stated at number two would definitely meet the requirements of the Armed Career Criminal Act. Possession of instruments of a crime may or may not. Escape may or may not. But armed robbery definitely would.

The Court: We have got at least three there.

[Plea Counsel]: Correct.

The Court: Do you understand what constitutes your receiving a penalty under the Armed Career Criminal Act? You have had at least three crimes that would fit within the definition.

[The defendant]: Yes.

(Hearing of 5/09/2003, 13-14.)

The first predicate offense referenced during the plea colloquy is an armed robbery and robbery, in which judgment was entered on February 7, 1979; the second is a burglary in which judgment was entered on March 15, 1984; and the third is an armed robbery in which judgment was entered on November 21, 1985. All three cases bear different docket numbers. Accordingly, the defendant has admitted to the three predicate convictions and the record of the case supports that they were crimes of violence committed on occasions different from one another.

### *The Defendant's Claim That He Was Selectively Prosecuted*

17

      The defendant asserts he is entitled to relief because he was selectively prosecuted.  He is African-American and, he states, there are similarly-situated non-African-Americans in the Middle District of Pennsylvania who have been charged with firearms offenses in state court but not federal court.

This claim is waived by the defendant's valid guilty plea which operated as a waiver of all non-jurisdictional defects and defenses. *United States v. Spinner,* 180 F.3d at 517.[5]

Moreover, even if this claim were not waived, the defendant has not set forth any facts that would entitle him to relief.

"A selective prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."  *United States v. Armstrong,* 517 U.S. 456, 453 (1996).  To sustain a claim of selective prosecution, the defendant is required to first demonstrate disparate treatment of similarly-situated persons and then that the disparate treatment is a product of prospective decisions deliberately based on some an unjustifiable standard such as race. *United States v. Schoolcraft,* 879 F.2d 64, 68 (3rd Cir. 1989).  "In a meritorious selective

---

[5]If the Court were somehow to determine that the defendant's guilty plea did not waive these claims, then they are waived because they could have been presented on direct appeal and were not and the defendant has alleged neither cause nor prejudice for this procedural default.  *See United States v. Smith,* 235 F.Supp. 2d  at 426-27.

prosecution claim, a criminal defendant would be able to name others arrested for the same offense who were not prosecuted by the arresting law enforcement agency." *United States v. Bradley,* 299 F.3d 197, 206 n.11(3rd Cir. 2002).

Here the defendant has presented no names of other similarly-situated members of an unprotected class who were not prosecuted by the federal government. Moreover, presentation of such evidence, even it existed, would not establish that these individuals were similarly-situated to him. Other circumstances such as the extent of their prior criminal records and the facts underlying their charges would necessarily factor into whether these individuals were similarly-situated to the defendant.

Accordingly, this claim should be denied without a hearing.

## The Ineffectiveness Claims

### *Ineffectiveness for Not Informing the Defendant that the Superseding Information Did Not Properly Set Forth the Predicate Offenses and for Not Challenging the Applicability of the Armed Career Criminal Sentencing Enhancement*

Under the two-prong test for ineffectiveness set forth in *Strickland,* the defendant must establish (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that such deficient performance prejudiced the defense. Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington,* 466 U.S. at 694.

As explained above, the information did properly set forth three predicate offenses for the armed career criminal sentencing enhancements, the defendant admitted to being convicted of the predicate offenses, and the sentencing enhancement applied to the defendant. Therefore, the defendant cannot establish that plea counsel's performance fell below an objective standard of reasonableness. Accordingly, these ineffectiveness claims should be denied without a hearing.

***Ineffectiveness for Advising Him to Plead Guilty to a Charge of Which He is Innocent, Advising Him That He Must Admit That He Knew There Was a Firearm in the Car and Failing to File a Motion to Dismiss Because Somebody Else Admitted to Possessing the Firearm.***

As described above, the defendant, under oath, engaged in a lengthy colloquy with the Court in which he manifested an understanding of the rights he was waiving and the crime he was admitting. Moreover, he specifically admitted, under oath, that he possessed the firearm.

"[R]ational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] . . . be binding." *United States v. Scott,* 929 F.2d at 315 (internal citations and quotations omitted).

Accordingly, the defendant should be bound by the responses he gave, under oath, during the change of plea hearing and the claim should be denied without a hearing.

Moreover, on November 15, 2005, undersigned counsel spoke telephonically with plea counsel. In response to the defendant's

allegations that his plea was involuntary and plea counsel somehow coerced him into admitting he possessed the firearm, plea counsel stated that he discussed the terms of the proposed plea agreement and its ramifications with the defendant at length. Plea counsel said he told the defendant that he could only plead guilty if he was actually guilty and to be guilty the defendant had to both know the firearm was in the car and have the ability to control it. Plea counsel told the defendant that if he did not know these things, he could not plead guilty. According to plea counsel, the defendant responded that he wanted to plead guilty.

Accordingly, if the Court determines that it cannot rule on these claims in the absence of an evidentiary hearing, the Court should schedule a hearing at which time plea counsel's testimony may be presented.

### *Failure to File a Motion to Dismiss the Firearms Charge on the Grounds of Double Jeopardy*

This claim appears to the related to the defendant's substantive claim that plea counsel should have filed a motion to dismiss on grounds of double jeopardy because his cooperation agreement with Marshal Regan "adjudicated" his firearms charge.

As explained above, the defendant's valid guilty plea operated as a waiver of his right to appeal this non-jurisdictional purported defect. Moreover, the Court made factual and legal determinations that the cooperation agreement did not include a commitment that the defendant would not be prosecuted federally

that are now the law of the case.

Accordingly, the defendant cannot establish that plea counsel's failure to appeal the Court's ruling fell below an objective standard of reasonable representation. *See Strickland v. Washington,* 466 U.S. at 694.

### *Ineffectiveness for Failure to Call Witnesses Who Would Testify to the Extent of the Defendant's Cooperation.*

There was little or no dispute that the defendant fulfilled his obligations under the cooperation agreement with Marshal Regan. In fact, the Court specifically found that the defendant "provided information regarding his brother's whereabouts. Shawn Peppers was subsequently apprehended and charged with attempted homicide of a police officer." (Memorandum of 5/09/2003, 7.)

The Court's decision to deny the motion to dismiss the firearms charge did not hinge on whether the defendant fulfilled his part of the cooperation agreement. Rather, it rested on the Court's determination that the defendant's cooperation agreement did not include a commitment that no federal charges would be filed. Calling witnesses to testify to the extent of the defendant's cooperation would not have changed the Court's determination. Accordingly, defense counsel's failure to call such witnesses was not deficient performance nor did it prejudice the defendant, *see Strickland v. Washington,* 466 U.S. at 694, and this claim should be denied without a hearing.

## CONCLUSION

For all these reasons, the defendant's motion should be denied without a hearing.  In the alternative, with respect to the claims related to the defendant's assertion that his plea was involuntary, the Court should schedule a hearing at which time the testimony of Daniel Siegel, Esquire, may be presented.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

s/Christy H. Fawcett
CHRISTY H. FAWCETT
Assistant U.S. Attorney
PA35067
Christy.Fawcett@usdoj.gov

228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
Phone: (717) 221-4482
Fax: (717) 221-4493

23

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.  1:CR-00-105 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| RONNIE PEPPERS | ) (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this **21st** day of **November 2005,** she served a copy of the attached

**RESPONSE TO MOTION UNDER 28 USC § 2855 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Ronnie Peppers - FX-6952
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

s/Christina L. Garber
Christina L. Garber
Legal Assistant