UNITED STATES DISTRICT COURT

**FILED**

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRISBURG, PA

ORIGINAL

DEC 09 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | MARY E. D'ANDREA, CLERK |
| | § | Per _____ |
| -vs- | § | CRIMINAL NO. 1:CR-00-105 |
| | § | |
| RONNIE PEPPERS | § | |
| | § | |
| | § | (JUDGE RAMBO) |

PETITIONER'S RESPONSE TO GOVERNMENT'S RESPONSE
TO PETITIONER'S MOTION UNDER 28 USC § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY.

**AND NOW COMES**, Ronnie Peppers, Petitioner, Pro Se, and files

the herein response to the Govenment's response to Petitioner's

Motion under 28 USC § 2255 to vacate, set aside, or correct

sentence:

Petitioner will not reiterate the procedural history herein

because the government has acceptably set forth thereof. Also due

to petitioner being untrained and uneducated in the sciences and

mechanics of law, the District Court's failure to appoint counsel

to represent petitioner in the herein matter, petitioner is unawa-

re of any requirement of such procedural history reiteration in a

response/reply brief.

Further, for all intended purposes, petitioner's response will also serve as petitioner's Memorandum of Law in support of Habeas Corpus Motion pursuant to 28 USC § 2255.

## COUNTER-APPLICABLE LEGAL PRINCIPLES

The Government contend that----A plea of guilty operates as a waiver of all non-jurisdictional defects and defenses. United States v. Spinner, 108 F.3d 514, 517 (3rd Cir. 1999). However, the United States Supreme Court in, Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604 (U.S.Minn. 1998), stated; although defendant procedurally defaulted claim; but defendant was entitled to attempt to make a showing of actual innocence. Thus, not limiting the scope of the District Court to petitioner's claims of ineffectiveness of counsel.

The petitioner may bring claims on collateral appeal that could of been raised, but were not raised, on direct appeal. U.S. v. Olano, 507 U.S. 725, at 731-732, 113 S.Ct. 1770 (1993). Moreover, if the very charge that brings the petitioner into court in the first place is not Constitutionally valid, the United States Constitution precludes the government from hailing petitioner into court on a charge, Federal Law requires that a con-

[2].

viction on that charge be set aside even if the conviction was
entered pursuant to a counseled plea of guilty. Menna v. New
York, 423 U.S. 61, 96 S.Ct. 241 (U.S.N.Y. 1975); also see,
Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103 (1974).
Furthermore, the appellate court reasoned that when a pro se,
indigent prisoner makes allegations that, if proved, would entit-
le him to habeas corpus relief and, he should not be required to
prove his allegations in advance of an evidentiary hearing, at
least in the absence of counter affidavits or other conclusive
evidence proving their [431 U.S. 71] falsity. Yet arrayed against
the interest in finality is the very purpose of the Writ of Habeas
Corpus to safeguard a person's freedom from detention in violation
of Constitutional guarantees. Harris v. Nelson, 394 U.S. 286, 290-
291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281. "The writ of habeas
corpus has played a great role in the history of human freedom. It
has been the judicial method of lifting undue restraints upon
personal liberty." Price v. Johnston, 334 U.S. 266, at 269, 68
S.Ct. 1049, at 1052, 92 L.Ed. 1356. And a prisoner in custody
after pleading guilty, no less than one tried and convicted by a
jury, is entitled to avail himself of the writ in challenging the
Constitutionality of his Representation, Conviction, and Sentence.

[3].

## COUNTER-DISCUSSION

## CLAIM OF ILLEGAL SEARCH AND SEIZURE

The Government contend that a valid guilty plea waives all non-jurisdictional defects and defenses. Relying heavily on, United States v. Spinner, Supra, 180 F.3d 514, at 517. Petitioner do not concede that the guilty plea was valid, in any event, while an unconditional plea of guilty waives non-jurisdictional defects, Woodward v. U.S., 426 F.2d 959 (3rd Cir. 1970), however the United States Supreme Court has held that "[T]he preclusive effects of guilty pleas do not apply..........to Constitutional claims that go to the very power of the state to bring the petitioner into court to answer the charge brought against him." Blackledge v. Perry, Supra., 417 U.S. 21.

Here, petitioner claim is that his Fourth Amendment Constitutional Right was violated when Officer Christine Belinda, of the Harrisburg, Pennsylvania, Police Department first, did not have or purport a "Reasonable Articulable Suspicion" to initiate a traffic stop of petitioner's vehicle on November 14, 1997. [Tr. N.T. 182-84] [also see; Affidavit of investigator Richard S. Garvey, attached as exhibit (a)].

The United States Supreme Court has held that a traffic stop constitutes a "Seizure" subject to scrutiny under the Fourth Amendment. United States v. Hensley, 469 U.S. 221, 226, 105 S.Ct. 675,

[4].

678 (1985). A traffic stop to check licensing or registration
is Constitutional only if it is based upon an "Articulable and
Reasonable Suspicion that.....either the vehicle or an occupant"
has violated the law. Delaware v. Prouse, 440 U.S. 648, 663, 99
S.Ct. 1391, 1401 (1979). Because the vehicle stop in this case
was conducted without a warrant, the analysis of this claim
falls under the Fourth Amendment. This is same for the search
of the vehicle. For a stated fact, arguendo, petitoner did not
give consent to search of vehicle.


## CLAIM OF ACTUAL INNOCENCE


The government, again rely on, Spinner, supra., that a,
arguendo, valid guilty plea waives all non-jurisdictional defects
and defenses.

The United States Supreme Court in, Bousley v. U.S., supra.,
523 U.S. 614, 118 S.Ct. 1604, stated; where a defendant has pro-
cedurally defaulted a claim by failing to raise it on direct
review, the claim may be raised in habeas corpus only if the
defendant can first demonstrate either cause and actual prejudice,
or that he is actually innocent.

On November 18, 1997, the person [Erica Chambers] respons-

[5].

ible for placing a firearm down in the backseat of petitioner's vehicle, without his knowledge or consent, turned herself into police and gave police a written confession which was signed by the affiant and the interviewing police officer. [See exhibit (b) attached hereto]. This confession was made $2\frac{1}{2}$ years prior to the federal indictment. Petitioner became aware of the existence of the document [written confession] late August 2003, and inquired to defense/appellate counsel if it [document] could establish and corroborate petitioner's actual innocence. [See exhibit (c) attached hereto].

The government, at best, can "only" prove that petitioner is the owner of the vehicle, and that petitioner was driving the vehicle at the time the firearm was discovered in the vehicle. The finger prints on the firearm, and the location of the firearm in the vehicle, surely indicate, that in all practicality, that petitioner did not possess [finger prints] the firearm, and given its location [lacking knowledge of its presence] in the vehicle, down in the backseat, petitioner did not know it was there. The court can not let the basis of its analysis be that of petitioner guilty plea colloquy or guilty plea, but rather an independent analysis in that of the government's purported evidence that any reasonable person would of concluded a finding of guilty.

## CLAIM OF ILLEGAL SENTENCE

The government, again rely on, <u>Spinner</u>, supra., as a waiver for this claim. In any event, this is a claim that petitioner not only attempted to address the court about before plea counsel interrupted petitioner [Tr. guilty plea colloquy, Pg. 13, Ln. 16-25], that the prior convictions listed in the felony information do not qualify petitioner for ACCA. Plea counsel again at this time, off the record, gave petitioner inaccurate information that he do qualify for ACCA and the felony information accurately set forth that basis. Petitioner disagreed, but again, petitioner was also reminded by plea counsel that the court will not accept the plea if I do not agree . Nonetheless, the court was required to take an categorical approach to the predicate prior offenses giving rise to applying the enhancement provision. For the juvenile adjudication [Armed Robbery and Robbery 1979], <u>U.S. v. Richardson</u>, 313 F.3d 121 (C.A.3 (Pa.) 2002), for the Burglary conviction, <u>Taylor v. U.S.</u>, 495 U.S. 575, 110 S.Ct. 2143 (U.S.Mo. 1990), and reference to both in, <u>United States v. Williams</u>, 4th Cir. NO. 01-4551 (4-17-03). It did not, and requires remand for re-sentencing. Petitioner, upon sentencing requested plea counsel to file an appeal on the illegality of sentence claim. [See exhibit (d) attached].

[7].

<u>CONVICTION OBTAINED BY PLEA OF GUILTY</u>
<u>NOT MADE VOLUNTARILY OR WITH THE</u>
<u>UNDERSTANDING OF THE NATURE OF THE</u>
<u>CHARGE AND CONSEQUENCES.</u>

Petitioner was brought into court on a charge of Felon in Possession of an Firearm as an armed career criminal in violation of 18 USC §§ 922(g)(1) and 924 (e). The basis for the charge was that a firearm was found down inside the back seat of petitioner's vehicle, which petitioner was operating at the time of the traffic stop. Other than petitioner operating the vehicle in which the firearm was recovered, there is absolutely no evidence that petitioner [actually] possessed the firearm, and given the location of the firearm, no reasonable person would conclude that petitioner had any knowledge that the firearm was there [constructive possession]. Petitioner's guilty plea colloquy and subsequent guilty plea can not be the sole basis in the court's determination. Furthermore, when petitioner entered the guilty plea, he was not aware of the existence of the written and signed confession of another who claimed responsibility for the firearm, thus petitioner's plea of guilty to the charge was unintelligent. The nature in which the court and plea counsel explained that petitioner was responsible for the firearm, lead petitioner to believe that even if their is no evidence linking

[8].

petitioner to the crime, and if someone else has already admitted
to the crime, that if any items relating to that crime is found
in my surroundings, I am still legally responsible for that crime.
So on counsel's urging, to save myself from an harsher punishment
for denying the government's accusations, I was convinced to plead
guilty. It did not take counsel much urging for petitioner to
accept the plea of guilty due to the fact that petitioner was
denied his pain medication while at the Federal Courthouse, and
the pain was so excruciating that petitioner just wanted to get
through that proceeding as soon as possible. The foregoing render
petitioner's plea of guilty not made voluntarily or with the und-
erstanding of the nature of the charge.

<u>CONVICTION OBTAINED BY A VIOLATION</u>
<u>OF THE PROTECTION AGAINST DOUBLE</u>
<u>JEOPARDY.</u>

On November 14, 1997, petitioner was arrested by the Harr-
isburg, Pennsylvania, Police department and charged with Felon in
Possession of an Firearm. On November 18, 1997, petitioner ent-
ered into an cooperation agreement with the United States Marshal's
Office, for the Middle District of Pennsylvania, that in exchange
for petitioner's cooperation no prosecution would result from the
November 14, 1997, firearm possession arrest. The government, some

[9].

2½ years later indicted petitioner for the very charge that was previously resolved through petitioner's cooperation with the U.S. Marshal's Office.

The Court in, United States v. Carrillo, 709 F.2d 35, 36 (1983), stated that "a cooperation agreement is analogous to a plea bargain agreement." [T]herefore, if the analysis of an cooperation agreement is that of an plea bargain agreement that, for all intended purposes, adjudicated that criminal conduct that arose out of a single trans- action. Petite v. U.S., 361 U.S. 529, 80 S.Ct. 450 (U.S.Md. 1960). Menna v. New York, supra., 423 U.S. 61.

Petitioner's other included substantive claims in petitioner's 28 USC § 2255 Habeas Corpus Motion adequately set forth a basis to put the court on notice of petitioner's claims of Constitutional error, and petitioner should not be required to prove his allegat- ions in advance of an evidentiary hearing.

[10].

## CONCLUSION

**WHEREFORE**, Petitioner prays that for all the reasons stated herein, and the premise under Fundamental Fairness of the Due Process Clause, that him motion be granted and vacate the conviction, or re-sentence petitioner, or in the alternative, schedule an evidentiary hearing on all of petitioner's claims, where at that time the court could dispose of any matter that the court deem that petitioner did not meet his burden of substantiating his claims. Also appoint counsel for petitioner if the court permit an hearing. If no hearing is scheduled, appoint counsel to effectuate an appeal to the appellate court on petitioner's behalf.

Respectfully Submitted,

Ronnie Peppers, FX-6952
Petitioner, Pro Se

Date: December 6th, 2005

[11].

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          §
                                  §
        -vs-                      §     CRIMINAL NO. 1:CR-00-105
                                  §
RONNIE PEPPERS                    §     (Judge Rambo)

CERTIFICATE OF SERVICE

I, Ronnie Peppers, hereby certify that I this date served
one (1) copy of the foregoing; PETITIONER'S RESPONSE TO GOVERN-
MENT'S RESPONSE TO PETITIONER'S MOTION UNDER 28 USC § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL
CUSTODY, upon the person and at the address set forth below by
placing same in the United States Mail, First Class Mail, postage
prepaid, with a certificate of mailing attached in the Institution
Mailbox at SCI-Greene, 175 Progress Drive, Waynesburg, Pennsylvania,
which service satisfies the requirements of the Prisoner Mailbox
Act (Houston v. Lack, 108 S.Ct. 2379):

CHRISTY H. FAWCETT
ASSISTANT U.S. ATTORNEY
228 WALNUT STREET, SUITE 220
P.O. BOX 11754
HARRISBURG, PA., 17108

Respectfully Submitted,

Ronald Peppers, FX-6952

Date Mailed: December 6th, 2005

E X H I B I T (a)

AFFIDAVIT OF RICHARD S. GARVEY

DATED MARCH 12, 2003.

E X H I B I T (b)

WRITTEN CONFESSION OF ERICA CHAMBERS

DATED NOVEMBER 18, 1997.

Nov-18-1997
5:00 pm

Erica Chambers
315-A McClay St
Hbg Pa 17102
238-9502

I Erica Chambers, Ronnie Peppers girlfriend. A friend of mine's called me about a gun she had found when she was moving her boyfriends things she told me to get the gun I then pick up the gun with a towel I then took the gun home with me I did not want to put the gun in my home because I have three son and a little girl and also because Ronnie was on prole so it came to me I put the gun in Ronnie Peppers car in the back seat and also with it was a bag of bullets Ronnie Peppers had no knowledge that the gun was there.

Erica Chambers

Witness
Inv. Watts B Coy #170

E X H I B I T (c)

LETTER TO COUNSEL, DANIEL SIEGAL

DATED SEPTEMBER 1, 2003.

DANIEL I. SIEGEL, Esq.
FEDERAL PUBLIC DEFENDER
100 CHESTNUT STREET, SUITE 306
HARRISBURG, PA. 17101

September 1, 2003

In re: UNITED STATES V. RONNIE PEPPERS
        Criminal No. 1:00-CR-00105
        Appeal No. 03-3391

Dear Mr. Siegel:

This correspondence is in regard to the above captioned indictment.
At sentencing on August 13, 2003, I informed you that since Judge Rambo
did not follow the recommendation of the U.S. Attorney that the sentence
imposed run concurrent with Judge Rambo's earlier sentence of 24 months,
that I wanted to withdraw my guilty plea. It was my understanding, and I
believe the judge's as well that if the court reject the recommendation,
that I was free to withdraw my guilty plea.

I also want to discuss whether I can establish actual innocence
with the latest documentation that I discovered concerning the above
captioned indictment. Furthermore I don't feel comfortable having to lie
that I knew that the gun was in my car just so the judge would accept
the plea agreement. I don't mind going to jail for something that I did,
but it really bug's me when I'm here for something that I really didn't
do. Also the threats from the U.S. Attorney that they would prosecute me
for crimes that they know that I didn't commit if I did not accept their
plea offer prompted me to take the plea. I think that we need to talk.

Until I hear from you I remain,

Very truely yours,

*Ronnie Peppers*

RONNIE PEPPERS, AK-8994
S.C.I. GREENE
175 PROGRESS Dr.
WAYNESBURG, PA. 18370

E X H I B I T (d)

LETTER'S TO COUNSEL, DANIEL SIEGAL

DATED AUGUST 14, 2003, AND OCTOBER 6, 2003

Daniel I. Siegel, Esq.
Federal Public Defender

100 Chestnut St., Suite 306
Harrisburg, PA. 17101

August 14, 2003

IN RE: U.S. VS. RONNIE PEPPERS
Criminal No. 1:00-CR-00105

Dear Mr. Siegel:

This Correspondence is in regard to inform you of my desire for you to file an appeal on my behalf of the herein captioned indictment. The Appeal issue[s] that I would like raised from my perspective are as follow:

(A). The illegality of Sentence by Sentencing defendant under 18 U.S.C. § 924 (e) Armed Career Criminal Act by improperly considering C.D. 1503 1985, escape, as a Felony "Crime of Violence", when the Charge itself was a misdemeanor of the Second degree. And,

(1)

Criminal Conspiracy to Commit Unauthorized use of an ACCESS device 1:CR-93-043-03, AS A "Crime of Violence".

(B). Improperly Considering defendants Juvenile Conviction For Armed Robbery And Robbery, Cause No. 23 JD 1979, to qualify defendant Under 18 U.S.C. § 924(e), Armed Career Criminal.

(C). The Consideration of, Escape C.D, 1503 1985, and Robbery C.D. 1508 1985, As Seperate Entities to qualify defendant Under 18 U.S.C. § 924(e), Armed Career Criminal, when trial Court Consolidated Same For prosecution.

(D). The Unconstitutionality of defendants Sentence under 922 (g)(1), And 924(e)(1), In Accord

With, U.S. V. Thornton
327 F.3d 268 (C.A.3 (PA.)
2003).

Mr. Siegel, through my research I have come to
the conclusion that you have given me inaccurate
information concerning the Felony Information
used to qualify me as an Armed Career Criminal
under 18 U.S.C. §924(e), thus Rendering my Sentence
illegal. Please Review, Consult with me, And File An
Appeal.

In no way is this letter to be construed to
limit the Scope of the appeal.

CC/
File

Sincerely,

Ronald Peppers
Ronald Peppers
AK-8994
P.O. Box 200
Camp Hill, PA
17001-0200

(3)

DANIEL I. SIEGEL, Esq.
FEDERAL PUBLIC DEFENDER
100 CHESTNUT STREET, SUITE 306
HARRISBURG, PA. 17108


October 6, 2003


In re: <u>UNITED STATES V. RONNIE PEPPERS,</u>
       <u>Appeal No. 03-3391</u>


Dear Mr. Siegel:

This correspondence is in regard to your letter dated September 25, 2003. I will at this time address your letter and, more specifically address my letter to you dated September 1, 2003.

Mr. Siegel, I agree with you that Judge Rambo did orally explain during the plea agreement colloquy, that it was up to her whether or not to impose a concurrent sentence with my 24 month sentence for violation of the conditions of supervised release. However, if I recall correctly, the judge also stated that I would be able to withdraw my plea if she did not accept the recommendation of the U.S. Attorney as to the recommended concurrent sentence, which was my understanding. I informed you immediately upon Judge Rambo rejecting the recommendation that I wanted to withdraw my plea. Therefore, I am again reiterating that request to withdraw my plea. Furthermore, due to the "at the time" my state of diminished capacity, duress, suicidal tendencies, and pain that I was in at the plea agreement colloquy, rendered me unable to knowingly, intelligently, and conscientiously agree to any plea agreement. Thus, psychologically rendering my guilty plea involuntary. I also submit that my guilty plea was based on mis-information from you that the felony information was correct and applicable under ACCA qualifying me to be sentenced under 924 (e) ACCA.


(1 of 4)

My issue[s] for appeal concerning my sentence are for one, that a mandatory minimum (15)fifteen year sentence for the mere possession of a firearm by a convicted felon 922 (g) and 924 (e), when not used in the commission of a crime is not only unconstitutional, and shocking to the senses of society, but cruel and unusual punishment as well. Secondly, I most importantly argue that 924 (e) ACCA, do not apply to me based on the governments felony information. I will numerally address each prior conviction listed in the felony information of it's applicability or inapplicability;

(1). Armed Robbery and Robbery, County of Dauphin, Commonwealth of Pennsylvania, Cause Number 23 JD, Judgment entered February 7, 1979.

      (Synopsis)...The District Court, regardless whether it was under plea agreement, was required to apply the categorical approach to determine whether defendant used a weapon in commission of juvenile offense[s]. Furthermore prior juvenile adjudication could not be counted as predicate offense under ACCA. **U.S. V. RICHARDSON**, 313 F.3d 121 (C.A.3 (Pa.) 2002). Also see; **UNITED STATES V. WILLIAMS**, 4th Cir. No. 01-4551 (4-17-03).

(2). Burglary, County of Dauphin, Commonwealth of Pennsylvania, Cause Number 2523 CD 83, judgment entered March 15, 1984.

      (Synopsis)...For Burglary to be counted as predicate offense under ACCA, the government must prove that defendant entered into building or structure with intent to commit a crime. **TAYLOR V. UNITED STATES**, 495 U.S. 575, 110 S.CT. 2143, 109 L.ed.2d 607 (1990).

(3). Possession of Instruments of a Crime, County of Dauphin, Commonwealth of Pennsylvania, Cause Number 672 CD 84, judgment entered September 17, 1984.

      (Synopsis)...This offense is to ambiguous and vague, thus not specifically stating a crime to qualify under ACCA as a "Violent Felony", as per defined in 18 U.S.C. § 924 (e) (2) (b), to be used under ACCA. See **Rule 35** and **Fifth Amendment**.

(4). Escape, County of Dauphin, Commonwealth of Pennsylvania, Cause Number 1503 CD 85, judgment entered November 21, 1985.

(Synopsis)...This offense is inapplicable for two reason[s]. First this offense was consolidated in state court with 1508 CD 85 (Number (5) listed in the felony information), and therefore can not be individualized for enhancement purposes. UNITED STATES V. PETTY, 798 F.2d 1157 (8th Cir. 1986), Vacated, 481 U.S. 1034, 107 S.ct. 1968, 95 L.ed.2d 810 (1987). Secondly, and most importantly, this offense can not be considered for anything but a misdemeanor of the second degree. The charging information merely state the Pennsylvania crime code Escape 5121, but is silent on the degree of offense. Therefore by law it could only be considered as a misdemeanor of the second degree. COMMONWEALTH V. M'NEILL, 293 Pa.Super. 319, 439 A.2d 131 (Pa.Super. 1981).

(5). Armed Robbery, Criminal Conspiracy, County of Dauphin, Commonwealth of Pennsylvania, Cause Number 1508 CD 85, judgment entered November 21, 1985.

(Synopsis)...There is no disagreement to this offense qualifying under ACCA.

(6). Criminal Conspiracy to Commit Unauthorized use of an Access Device, Middle District of Pennsylvania, Cause Number 1:CR-93-043-03.

(Synopsis)...This offense clearly do not qualify as a "Violent Felony", as per defined in 18 U.S.C. § 924 (e), or any other proceeding sub-chapter to be used under ACCA.

Mr. Siegel, as you have stated, you do have an obligation to present arguably meritorious issues. I believe that I have not only met this standard by articulating arguably meritorious issues, but I have also, with limited resources, applied Federal Statue[s], and case law for references.

(3 of 4)

I would believe that a person in your trained expertise should not, with unlimited resources, have a problem building upon my presentment showing the Unconstitutionality of my sentence.

Mr. Siegel, if you have any questions concerning this letter, or any of my earlier correspondence, please feel free to contact me, or set up an Attorney/Client conference call through my counselor, David Shaw, here at S.C.I. Greene (724) 852-2902.

I note that reference case law, UNITED STATES V. WRIGHT, #1 Fed. Appx. 211 (C.A.4 (Md.) 2002), was unintentionally omitted from this letter and nonetheless should be viewed.

Sincerely,

Ronald Peppers

Ronald Peppers
AK-8994
S.C.I. Greene
175 Progress Dr.
Waynesburg, Pa.,
15370

cc/
    File

(4 Of 4)

## CERTIFICATE OF SERVICE

I, Ronald Peppers, the herein correspondent, do hereby certify that on this date I served the original letter in the matter of **UNITED STATES V. RONNIE PEPPERS**, **APPEAL NO. 03-3391**, by placing same in the United States mail, first class in S.C.I. Greene mail box, Waynesburg, Pennsylvania, addressed to the following:

> DANIEL I. Siegel, Esq.
> Federal Public Defender
> 100 Chestnut Street, Suite 306
> Harrisburg, Pa., 17101
> Attorney for Correspondent
> Attorney ID #38910

Respectfully,

*Ronald Peppers*

Ronald Peppers
AK-8994
S.C.I. Greene
175 Progress Dr.
Waynesburg, Pa.,
                15370

Date: October 6th, 2003

**TO:** DANIEL I. SIEGEL, Esq.
FEDERAL PUBLIC DEFENDER
100 CHESTNUT STREET, SUITE 306
HARRISBURG, PA. 17108

**FROM:** RONALD PEPPERS, AK-8994
175 PROGRESS DRIVE
WAYNESBURG, PA. 15370

November 11, 2003

In re: <u>UNITED STATES V. RONNIE PEPPERS,</u>
Appeal No. 03-3391

Dear Mr. Siegel:

This correspondence is in regard to my letter to you dated October 6, 2003. I find that it is imperative that I know what your intentions are in the forthcoming appeal. This letter is in no way intended to undermine your efforts, however I firmly believe in the contentual perspective in my letter to you dated October 6, 2003. If you are in disagreement with the inclusion of my appeal issue(s) interwined with your intentions, then with all due respect, it would be in the best interest of my appeal that you remove yourself from my case. I am in no way unappreciative for all that you have done, and your continued efforts, but to not only effectuate an appeal, I feel that this would be necessary to have an effective appeal.

I recognize that the courts state that the lawyer has the final say in an accused defense and appeal, however "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. **<u>Faretta V. California</u>, 422 U.S. 806, 819 (1975);** and "In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client". **<u>M<sup>c</sup>COY V. COURT of APPEALS of WISCONSIN</u>, 486 U.S. 429, 443, 444 (1988).**

(1 of 2)

Mr. Siegel, I have made numerous attempts to call you at your office to resolve the herein question, however your staff continuously refuse to take my call, and you have not responded to my letter(s) to you dated September 1, 2003, and October 6, 2003. I stand corrected, you did respond to my letter dated September 1, 2003, which prompted the letters thereafter. I refuse to make any assumptions as to the refusal to take my calls, but I do want to hear from you as soon as possible to resolve this matter.


Until I hear from you I remain,


                                              Very truely yours,

cc/

    File                                      Ronald Peppers

Ronnie Peppers
FX-6952
175 Progress-Dr.
Waynesburg, PA., 15370

Clerk's Off
U.S. District Co
228 Walnut St
Harrisburg, PA.

INMA
PA
OF CORRE