UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:CR-00-105 |
| | ) | |
| v. | ) | (JUDGE RAMBO) |
| | ) | |
| RONNIE PEPPERS | ) | |

### AFFIDAVIT OF DANIEL I. SIEGEL, ESQUIRE

**AND NOW,** comes Daniel I. Siegel, Esquire, who hereby declares under penalty of perjury pursuant to Title 28 United States Code, Section 1746 that the facts set forth herein are true and correct to the best of my knowledge, information and belief:

1. I am an attorney licensed to practice in the Commonwealth of Pennsylvania and I am admitted to the Bar of the United States District Court for the Middle District of Pennsylvania.

2. From May of 1987 through December of 2003, I was employed by the Federal Public Defender for the Middle District of Pennsylvania.

3. In my capacity as an Assistant Federal Public Defender, I was assigned to represent Ronnie Peppers in his appeal from several drug and gun-related convictions. One of those convictions, arising from a charge of drug-related murder, resulted in a sentence of life imprisonment.

4. The court of appeals overturned all the convictions and granted a new trial on all counts.

5. On remand, I was assigned to try the case.

6. During the course of pretrial motions, the district court granted a defense motion for permission to introduce, under the "dying declaration" exception to the hearsay rule, a statement by the victim indicating that the shooting had been perpetrated by a man named "John." This declaration had been excluded at the first trial. Given that Mr. Peppers did not go by the name "John," it was my opinion that admission of this evidence could raise a reasonable doubt on the counts arising from the drug-related killing.

7. After the "dying declaration" ruling, Assistant United States Attorney Christy H. Fawcett presented me with a proposed plea agreement. The plea agreement focused on a firearms charge which was unrelated to the murder charge. The firearms charge arose from a police stop of a motor vehicle being driven by Mr. Peppers. Police reports reflected that Mr. Peppers had tried to elude capture, and that following his arrest, a .22 caliber pistol was found in the vehicle.

8. Under the terms of the plea agreement, Mr. Peppers would plead guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Mr. Peppers would further agree to the applicability of enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In consideration, the government would dismiss all other charges, and would agree to limit the sentence to 15 years' imprisonment, representing the minimum sentence available under the Armed Career Criminal Act.

9. After receiving a hard copy of the plea agreement, I traveled to the prison where Mr. Peppers was incarcerated, I met with Mr. Peppers in the attorney/client interview area, and I explained to Mr. Peppers the terms of the proposed agreement.

10. I told Mr. Peppers that he could plead guilty only if he was actually guilty of the offense. I explained the elements of the offense at 18 U.S.C. § 922(g)(1). I explained that one of those elements was "knowing possession" of a firearm. I explained that "knowing possession" would be established only if he knew the pistol was in the car and he had the ability to control the pistol. I explained that if he wasn't in "knowing possession" of the pistol, then he was in fact innocent, and should not plead guilty. Mr. Peppers responded by telling me that he wanted to plead guilty.

_____
Daniel I. Siegel, Esquire

Dec. 27, 2005
Date

NOTARIAL SEAL
ANNE M. GINSBERG
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA COUNTY
My Commission Expires Jul 14, 2009

_____
Notary Public

12-27-05
Date