IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:CR-00-105** |
| : | |
| **v.** : | |
| : | |
| **RONNIE PEPPERS** : | |

# M E M O R A N D U M

## I. Background

Before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by Ronnie Peppers. Petitioner initially filed a motion on October 4, 2005. This court issued an administrative order on October 6, 2005 advising Petitioner of the limitations of filing motions under 28 U.S.C. § 2255. As a result of that order, Petitioner elected to withdraw his October 4, 2005 motion and proceed with a motion filed November 3, 2005. The Government has responded to the motion and Petitioner has filed a reply. On February 2, 2006, a hearing was held on one issue. The matter is now ripe for disposition.

The history of this case is set forth in the Government's response to the motion and will not be repeated here. Pertinent to the issue before this court is that on May 9, 2003, Petitioner negotiated a plea agreement and plead guilty to an information charging him with possession of a .22 caliber revolver as an armed career criminal. This charge carried with it a 15 year mandatory minimum sentence. Previous to the plea, this court ruled adversely to Petitioner on a motion to suppress and a motion to dismiss Count VII, the firearms charge. At the time of the plea,

Petitioner was advised that he could not appeal the decision on the suppression issue as the plea agreement was not a conditional plea.

Petitioner was subsequently sentenced to a term of imprisonment of 180 months, a $1,200 fine, a five year term of supervised release, and a special assessment of $100. Petitioner appealed raising as a sole issue whether the felon in possession statute (18 U.S.C. § 922(g)(1)) is unconstitutional under the Commerce Clause. The Third Circuit Court of Appeals affirmed the judgment of this court. A petition for certiorari was denied.

In the instant motion, Petitioner sets forth the following claims:

(a) The firearm seized from his vehicle that forms the basis of the offense of conviction was the product of an unconstitutional search and seizure.

(b) He is actually innocent because he had neither actual nor constructive possession of the firearm.

(c) His sentence is illegal because it exceeds the statutory maximum.

(d) He was selectively prosecuted because there are similarly situated, non-African-American individuals in the Middle District of Pennsylvania who have been charged with firearms offenses in state court but are not charged with federal firearms offenses.

(e) His guilty plea was involuntary and unknowing because he was "le[]d to believe" that even though "another individual confessed to . . . placing a firearm in my vehicle without my consent or knowledge, that I am still legally responsible" and he "reluctantly pled guilty upon counsel's urging." (Pet.'s Mot. ¶ 6(b).)

   (f) His indictment was brought in bad faith because Marshal Regan entered into an agreement with him providing he would cooperate in return for no prosecution.

   (g) His indictment violated the terms of his agreement with Marshal Regan.

   (h) His conviction violated double jeopardy because of his agreement with Marshal Regan "adjudicated" the prosecution of the firearms charge.

   (i) Plea counsel was ineffective because he (1) failed to inform Petitioner that the superseding information did not properly set forth the predicate convictions for an offense under 18 U.S.C. § 924(e); (2) failed to challenge the applicability to Petitioner of 18 U.S.C. § 924(e); (3) advised Petitioner to plead guilty to a charge of which he was innocent; (4) advised Petitioner that he must state during the plea colloquy that he knew there was a firearm in his car; (5) failed to file a motion to dismiss the firearms charge on grounds of double jeopardy; (6) failed to file a motion to dismiss the firearms charge because someone else confessed to possessing the firearm; and (7) failed to call witnesses at pretrial hearings who would testify to the extent of Petitioner's cooperation.

## II. Discussion

### A. Claims Relating to Seizure of Firearms

Petitioner alleges that the firearm was unlawfully seized. A suppression hearing was held on April 3, 2003 and this court issued an opinion sustaining the search. (*See* Doc. 219.) This opinion was not appealed nor could it have been appealed as Petitioner's guilty plea waived all non-jurisdictional defects and

defenses. *United States v. Spinner*, 180 F.3d 514, 517 (3d Cir. 1999). Furthermore, Petitioner's plea was an unconditional plea that did not preserve this issue for appeal. Thus, the decision of this court on this issue remains as the law of the case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

### B. Voluntariness of Plea/Actual Innocence

At the plea colloquy, Petitioner was advised in conformity with Federal Rules of Criminal Procedure 11(b)(1), (2), (3) and 11(c). His responses to the colloquy show clearly that he understood the nature and consequences of his plea.

Petitioner argues, however, that he was not in actual or constructive possession of the gun found in his car and that his wife-girlfriend had admitted to the police that the placement of the gun in Petitioner's car was her doing.

At the February 2, 2006 hearing, Petitioner's defense counsel, Daniel Siegel, testified that the plea agreement was carefully explained to Petitioner; the police report which contained Ericka Chambers Peppers[1] acknowledgment that she placed the gun in Petitioner's car was discussed with Petitioner; an investigator from the Federal Public Defenders Office then interviewed Ericka Chambers where she gave essentially the same statement as in the police report; and Petitioner was advised that Chambers was available and willing to testify to this fact at a trial.

Mr. Siegel did advise Petitioner that at the time of the plea he would have to acknowledge that he was "knowingly in possession of the firearm" or the plea would not be accepted by the court.

---

[1] Ericka Chambers was at sometime and may still be Pepper's wife.

At the February 2, 2006 hearing, Petitioner stated that had he been in possession of Chambers' actual hand written statement concerning the gun, he would not have plead guilty, reasoning that having the original statement would have ensured that Chambers' position would not change. While the actual statement was written November 17, 1997, it appears that it was not received until about September 1, 2003. (Def.'s Ex. 1.)

At the time of Petitioner's plea, the Chambers statement was included in an official police report, a report that was discussed with Petitioner by defense counsel. Furthermore, Petitioner wrote a letter to this court, dated May 12, 2003, acknowledging full responsibility for his crime. In addition, at the plea hearing Petitioner was under oath. Inquiry was made of him as to whether he was under threats or other promises not set forth in the plea agreement to which he replied in the negative.

The actual innocence agreement is without merit.

### C. Violation of Agreement With Marshal Regan

Petitioner claims the Second Superseding Indictment was brought in bad faith because it violated the terms of his agreement with Marshal Regan that he would not be charged with the crime in Count VII. Petitioner further claims that it violates the Double Jeopardy Clause. This issue was previously addressed by this court, after a hearing, in a memorandum dated May 9, 2003. Thus, the law of the case applies and the issue will not be revisited. *Christianson*, 486 U.S. at 816.

### D. Sentence Exceeded the Statutory Maximum

Petitioner argues that his sentence was subject to a ten year maximum penalty. He claims that the armed career criminal sentencing provisions were

improperly applied to him. The information to which Petitioner plead guilty cited to 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The information set forth six prior felony convictions. At the time of his plea colloquy, Petitioner, through his counsel, admitted that an armed robbery and robbery in which judgment was entered on February 7, 1979, a burglary in which judgment was entered on March 15, 1984, and an armed robbery in which judgment was entered on November 21, 1985, all constituted the three predicate convictions under the Armed Career Criminal Act. Petitioner was questioned by the court whether he understood this fact to which he replied in the affirmative. (Tr. of May 9, 2003 Plea Hrg. at 14.)

        This issue is without merit.

**E.  Selective Prosecution**

        Petitioner, who is an African-American, claims that similarly situated non-African-Americans in the Middle District of Pennsylvania have been charged with firearms offenses in state court, but not in federal court. The court adopts the reasoning set forth in the Government's response to the § 2255 petition on this issue.

        First, Petitioner waived the claim by his valid guilty plea (*Spinner*, 180 F.3d at 517). Second, if not waived, Petitioner could have presented this issue on direct appeal (*United States v. Smith*, 235 F. Supp.2d 418, 426-27 (E.D. Pa. 2002). Third, Petitioner has not shown disparate treatment of similarly-situated persons and <u>then</u> that the disparate treatment is a product of decisions based on some unjustifiable standard such as race. *United States v. Schoolcroft*, 879 F.2d 64, 68 (3d Cir. 1989).

        This issue is without merit.

### F.  Voluntariness of Guilty Plea/Ineffectiveness of Counsel

The test for ineffectiveness of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner must establish (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that such deficient performance prejudiced the defense.  Prejudice is established if "there is a reasonable probability that, but for counsel's professional errors, the result of the proceedings would be different." *Id.* at 694.

Petitioner claims that counsel was ineffective for advising him to plead guilty to a charge of which he was innocent; advising him that he must admit that he knew there was a firearm in the car; and failing to file a motion to dismiss because someone else admitted to possessing the firearm.

At the February 2, 2006 hearing, attorney Siegel testified that, after remand from the Third Circuit, he was appointed to represent Petitioner on the retrial.  Petitioner was facing a several count indictment with a potential punishment of 15 years to life if convicted.  The most serious charge was a drug-related murder charge.  Subsequently, a plea agreement was presented to Petitioner which, in part, would dismiss all charges except a felon in possession of a firearm charge, the applicability of enhanced sentencing under the Armed Career Criminal Act (18 U.S.C. § 924(e)), and a limit to 15 years imprisonment.

Mr. Siegel met at the prison with Petitioner and explained the plea agreement to him.  It appears that Petitioner was agreeable but wanted the 15 year sentence to run concurrent to a state parole revocation sentence.  Petitioner was advised by counsel that the concurrency of sentence was up to the court.

Mr. Siegel not only met in prison with Petitioner, but telephonically advised him about the plea agreement and the consequences of accepting the plea. He did advise Petitioner that he could plead guilty only if he was actually guilty of the offense, and that "knowing possession" of a firearm was one of the elements of the offense. Attorney Siegel explained that "knowing possession" required that Petitioner knew the gun was in the car and he had the ability to control the gun. Mr. Siegel testified that he exerted no pressure to threats upon Petitioner and reiterated several times that Ericka Chambers had agreed to testify at trial on Petitioner's behalf that she placed the gun in Petitioner's car without Petitioner's knowledge.

At the plea colloquy, Petitioner was advised that possession of the firearm required a knowing possession. (Tr. of May 9, 2003 Plea Hrg. at 16-17.) Petitioner admitted under oath, after careful counseling, that he possessed the gun. (*Id*.)

This claim is without merit.

### G. Ineffectiveness of Counsel for Failure to Call Witnesses Who Would Testify to the Extent of Petitioner's Cooperation

This claim goes to the issue raised in the motion to dismiss Count VII – the firearms charge. This court previously denied the motion to dismiss on the basis that Petitioner's cooperation with the Government did not include a commitment that no federal charges would be filed, only that the state charge would be dropped which, in fact, occurred. Marshal Regan did testify to Petitioner's cooperation. Thus, failure to call any witnesses was not deficient as such testimony would have been irrelevant to the court's decision to deny the motion to dismiss.

Counsel's failure to call witnesses was not deficient.

### III. Conclusion

Other claims of inefficient assistance of counsel go to the issues raised in the substantive claims and the resolution of those claims apply to any alleged incompetency on those issues. Petitioner's claims will be denied. An appropriate order will be issued.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: February 8, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CRIMINAL NO. 1:CR-00-105**
:
:
**v.**     :
:
:
**RONNIE PEPPERS**     :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) The court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                               s/Sylvia H. Rambo
                               SYLVIA H. RAMBO
                               United States District Judge

Dated: February 8, 2006.