NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1810

UNITED STATES OF AMERICA,
Appellee

v.

RONNIE PEPPERS,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Criminal No. 00-105
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 15, 2008

Before: SLOVITER AND SMITH, *Circuit Judges*,
and DIAMOND, *District Judge*[*]

(Filed:   April 8, 2008)

OPINION

DIAMOND, *District Judge*.

---

[*]The Honorable Gustave Diamond, Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1

Ronnie Peppers appeals from the denial of his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability ("COA") solely on two of Peppers' ineffective assistance of counsel claims[1]: (1) that counsel misinformed him as to the application of the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), and the list of predicate offenses set forth in the Felony Information; and, (2) that counsel failed to challenge the applicability of the ACCA on appeal. For the reasons set forth below, we will affirm the district court's denial of Peppers' § 2255 motion.

I.

Because we write principally for the parties, we will state only the facts necessary for our analysis. In November of 2000, Peppers was found guilty by a jury on all counts of a nine-count superseding indictment charging him with numerous drug and firearms offenses, including, *inter alia*, a charge of causing a death through the use of a firearm during and in relation to a drug trafficking offense. He was sentenced to an aggregate term of life imprisonment plus five years. On appeal, Peppers was represented by appointed counsel who secured a reversal of the conviction and sentence and obtained a new trial because of the district court's denial of Peppers' motion to represent himself at trial. At Peppers' request, his appellate attorney was appointed to represent him on remand.

---

[1] We denied the request for a COA as to all of the other claims raised in the § 2255 motion, finding that Peppers failed to make a substantial showing of the denial of a constitutional right as to any of those claims.

Peppers' appointed attorney filed numerous pretrial motions on his behalf and ultimately negotiated a written plea agreement by which Peppers agreed to plead guilty to a one-count felony information charging him with being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and the government agreed to move for dismissal of all nine counts of the superseding indictment at the time of sentencing. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties expressly stipulated that the plea was conditioned upon the district court sentencing Peppers to a term of imprisonment of fifteen years to be served consecutively to any unserved sentences for parole violations or other offenses.[2]

In accordance with the plea agreement, the district court subsequently sentenced Peppers to a term of imprisonment of 180 months and granted the government's motion to dismiss all nine counts of the superseding indictment. Peppers' appeal on the issue of the constitutionality of the ACCA was rejected and his conviction and judgment of sentence were affirmed by this Court.

---

[2] The plea agreement expressly stated that Peppers would be permitted to withdraw his plea if the sentencing court failed to accept the stipulations of the parties, or imposed a sentence greater than agreed to by the parties, with the exception that Peppers would not be permitted to withdraw his plea if the district court failed to follow the government's recommendation that the agreed upon fifteen-year sentence be imposed to run concurrently with a 24-month sentence Peppers had received for violating supervised release in a prior federal case, since the parties stipulated that this particular recommendation was not binding on the court. In fact, the district court rejected this recommendation and ordered that the 180-month sentence run consecutively to that 24-month sentence.

Peppers then filed the instant § 2255 motion raising fifteen grounds for relief, including seven claims of ineffective assistance of counsel. The district court denied this motion in its entirety. Presently before us are the two ineffective assistance of counsel claims which we certified for appeal. The district court denied those claims on the ground that Peppers knowingly and voluntarily admitted during the plea colloquy that three of his prior convictions qualified as predicate offenses triggering the enhanced penalty under the ACCA.[3]

## II.

We have appellate jurisdiction in this case under 28 U.S.C. §§ 1291, 2253 and 2255. Because the issues identified in the COA are purely legal, our review is plenary. *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007).

In order to prevail on an ineffective assistance of counsel claim, Peppers must establish both: (1) that his counsel's performance was deficient, *i.e.*, that it fell below an objective standard of reasonableness; and, (2) that his counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the circumstances of this case, we conclude that Peppers has established neither.

## III.

---

[3] The ACCA provides for a mandatory minimum sentence of not less than fifteen years, to a maximum of life, for a defendant who violates § 922(g) and who has three previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another. 18 U.S.C. § 924(e)(1).

Peppers devotes nearly his entire brief to the argument that two of the three underlying offenses found by the district court to be predicate offenses triggering the ACCA fail to qualify as such offenses under that statute. However, whether Peppers' prior convictions were improperly found to qualify as predicate offenses is not the issue before us.

As the district court correctly noted, Peppers knowingly and voluntarily admitted at the plea hearing that he had at least three prior predicate offenses. This admission was sufficient to trigger the application of the ACCA and obviated the need for the district court to undertake the categorical approach for determining whether those offenses qualify as predicate offenses under *United States v. Taylor*, 495 U.S. 575 (1990). We note that Peppers made this admission only after an off-the-record consultation with his counsel on this issue at the plea hearing. Following that discussion, the district court in a colloquy with Peppers took great care to ensure that he understood the charge to which he was entering his plea and specifically that it required three prior qualifying felony convictions. After that thorough discussion, Peppers again voluntarily expressed his desire to plead guilty and in fact admitted that he was guilty of being an armed career criminal in possession of a firearm.

So the issue before us is not whether there was some error as to whether a prior conviction qualified as a predicate ACCA offense; rather, the issue before us is whether Peppers' admission that he was an armed career criminal <u>was the product of ineffective</u>

5

assistance of counsel. In making that determination, it is incumbent upon us to consider the context of the challenged advice, rendered in the course of plea negotiations, in deciding whether that advice, even if arguably erroneous, was deficient under *Strickland* and, if so, whether Peppers suffered prejudice as a result.

The standard for attorney performance for purposes of an ineffective assistance of counsel claim is that of reasonably effective assistance as defined by prevailing professional norms. *Strickland*, 466 U.S. at 687-88. To establish ineffective assistance, the petitioner must establish that counsel's representation fell below an objective standard of reasonableness, which must be assessed on the facts of each particular case viewed as of the time of counsel's conduct. *Id.* at 687-89. Under the facts of this case, we cannot find that counsel's performance was deficient.

In negotiating an exceedingly favorable plea agreement for his client, the worst that could be said of Peppers' counsel is that he made a reasonable and tactical decision to concede the existence of at least three prior convictions triggering the application of the ACCA, even if a challenge could have been made as to their qualifications as ACCA predicates, in exchange for a binding fifteen-year sentence, the mandatory minimum under the ACCA, and for the dismissal of all other charges, including charges for which Peppers faced the prospect of life imprisonment. And had counsel thereafter successfully challenged the applicability of the ACCA, he clearly would have breached the plea agreement, which would have resulted in the reinstatement of all of the dismissed counts

6

of the superseding indictment as explicitly provided in paragraphs 1 and 4 of the parties' plea agreement, (App. 46-47), and would have subjected Peppers to the possibility of a much greater sentence upon conviction at a retrial.

Under these circumstances we cannot find that it was objectively unreasonable for Peppers' counsel, who already had extricated Peppers from a life plus five year sentence, to negotiate a plea agreement by which Peppers did not raise objections (which were at best only potentially meritorious) to the predicate offenses in exchange for a binding term of fifteen years' imprisonment rather than to risk another jury conviction and the likely reimposition of a life plus sentence. Counsel's decision to advise Peppers to accept this exceptionally favorable plea agreement was reasonable beyond any doubt and under any standard was not deficient.

Nor has Peppers established prejudice. In the context of guilty pleas, we have interpreted *Strickland's* prejudice prong to require a petitioner to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

Peppers has made no contention that he would not have entered his plea and would have insisted on going to trial if his counsel had advised him that the ACCA arguably may not have applied. To the contrary, Peppers was emphatic at the plea hearing that he did not want to go through another trial, (App. 68), and he knowingly and voluntarily admitted to the existence of the three prior qualifying felonies after consulting with his

7

counsel on this issue at the plea hearing. (App. 75-77). Accordingly, even if we assume *arguendo* that his counsel's performance somehow could be deemed deficient, Peppers has failed to demonstrate that he suffered any prejudice.

IV.

Having concluded that counsel's performance was not deficient in conceding the applicability of the ACCA under the terms of the plea agreement, for similar reasons, it follows that counsel was not ineffective in not challenging the applicability of the ACCA on appeal. Had counsel successfully done so, he would have breached the plea agreement with the resultant adverse consequences we have set forth above. The decision of Peppers' counsel to waive this debatable issue on direct appeal was objectively reasonable under the circumstances. Peppers also has failed to establish prejudice in counsel's failure to challenge the applicability of the ACCA on appeal.

Accordingly, we will affirm the judgment of the District Court.