IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:00-cr-105** |
| | : | |
| v. | : | |
| | : | |
| **RONNIE PEPPERS** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Ronnie Peppers' Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 291.) Peppers' motion is brought pursuant to *Johnson v. United States*. *See Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague. *Id.* at 2557.

On October 6, 2016, a stay was granted in order to address the Government's motion to dismiss for lack of jurisdiction. (Doc. 305.) On October 12, 2016, the court requested that the Government file a supplemental brief addressing the impact of Peppers' plea agreement under Federal Rule of Civil Procedure 11(c)(1)(C) on his § 2255 petition. The Government has done so and Peppers has responded.

Peppers argues that *Johnson* is applicable to his case. (Doc. 291.) The Government argues that although the Court of Appeals for the Third Circuit granted Peppers the right to file a second or successive petition, Peppers has failed to satisfy the jurisdictional requirements for a second or successive § 2255 motion.[1]

## I. Background

Peppers was initially charged in a five count indictment on March 29, 2000. On September 7, 2000, a seven count superseding indictment was filed. On October 12, 2000, the Government filed an information regarding Peppers' prior offenses and notified Peppers of its intent to seek a mandatory minimum fifteen year sentence on Counts VI and VIII. (Doc. 46.)

A jury convicted Peppers on all counts which included a first degree murder offense and Peppers received a sentence of life imprisonment. On August 21, 2002, the Third Circuit vacated the judgment based on the denial of Peppers' pre-trial request to represent himself. *United States v. Peppers*, 302 F.2d 120, 137 (3d Cir. 2002).

Peppers subsequently entered into a plea agreement pursuant to a one-count information charging him with violations of section 922(g)(1) and 924(e)(1). This plea agreement was conditioned on the court's sentencing him to fifteen years

---

[1] For the reasons set forth in Peppers' response to this argument, which this court adopts, Peppers has satisfied the jurisdictional requirement for a second or successive § 2255 motion.

imprisonment, which this court obliged. The Third Circuit affirmed. *United States v. Peppers*, 95 F. App'x 406 (3d Cir. 2004).

On November 3, 2005, Peppers filed a § 2255 motion alleging he did not have the requisite three prior qualifying convictions under § 924(e)(1). (Doc. 263.) The motion was denied by this court and affirmed by the Third Circuit. (Docs. 280 & 288.)

**II.     Discussion**

Peppers raises the same argument as in his first § 2255 motion that his prior convictions do not qualify as three predicate crimes. (Doc. 291.) The Government argues that the robbery convictions qualify as violent felonies under the force clause. (Doc. 302, pp. 8-11.)

In the Notice of Intention to Seek Enhanced Sentencing (Doc. 46) filed on October 12, 2000, the Government identified the following, in part, as predicate offenses:

   1) February 7, 1979 – Armed Robbery;

   2) March 15, 1984 – Burglary;

   3) November 21, 1985 – Escape; and

   4) November 21, 1985 – Armed Robbery.

In describing the robbery convictions, the Government used the phrase "has as an element the use, attempted use or threatened use of physical force against

another." Thus, these two offenses are classified under the force clause, not the residual clause.

The burglary conviction qualifies as a predicate crime because of the following language: "that involves conduct that presents a serious potential risk of physical injury to another." This phrase is in the residual clause, but burglary is an enumerated offense and was not affected by *Johnson*. However, for burglary to qualify as a predicate offense, it must be a "generic burglary". In *Taylor v. United States*, the court held that "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." 495 U.S. 575, 598 (1989). The court further stated: "We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unpriviledged entry into, or remaining in, a building or structure, with the intent to commit a crime." *Id.* at 599.

The Pennsylvania burglary statute is broader than generic burglary but can still qualify under the enumerated offense clause if the record shows that the defendant was convicted for entering one of the places covered in the generic burglary. *United States v. Bennett*, 100 F.3d 1105, 1110 (3d Cir. 1996). In this case, Peppers was charged with breaking into a home, which qualifies under the

generic burglary definition. At the time of the plea colloquy, pursuant to the 11(c)(1)(C) agreement, Peppers, through his counsel, admitted that the robberies and burglary offenses constituted three predicate convictions under the ACCA. Peppers was questioned by the court regarding whether he understood this fact, to which he replied in the affirmative. (Doc. 253, p. 14.)

## IV.  Conclusion

Based on the foregoing, this court finds that the prior robberies fell under the force clause and the burglary under the enumerated felony clause. The residual clause has no effect on this case. Should other judicial minds disagree with this court's classification of the burglary charge, the record reflects that Peppers also has a prior drug charge which qualifies as a predicate offense.

Peppers' § 2255 petition will be dismissed. An appropriate order will issue.

                                                      s/Sylvia Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated: December 21, 2016